| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

Texas Community Bank, §
　　　　　　　　　　　　　§
　　　　Plaintiff, §
　　　　　　　　　　　　　§
versus §　　Civil Action H-11-4239
　　　　　　　　　　　　　§
Tony Aundrey Alexander, et al., §
　　　　　　　　　　　　　§
　　　　Defendants. §

## Opinion on Priority of Liens

1.　*Introduction.*

　　Wachovia Mortgage Corporation, Texas Community Bank, and Eliza Davis dispute the priority of their liens. Wachovia will take precedence over Texas Community Bank and Eliza Davis.

2.　*Background.*

　　In May of 2005, Wachovia lent Tony Alexander $1,013,037 secured by his land in Humble, Texas. Wachovia promptly recorded the deed of trust securing its lien. A month later, a fire destroyed a house on it.

　　State Farm Lloyd's paid Wachovia $1,000,000 as a "structure payoff." Wachovia applied those insurance proceeds to Alexander's note but, recognizing its error, reversed it the next day with a book entry. Two days later, it credited the proceeds to an escrow account.

　　In 2007, Texas Community Bank lent Alexander $441,625 secured by his property in Humble. It promptly recorded the deed of trust securing its lien. The deed of trust reflects Wachovia's prior lien.

　　In July of 2010, Eliza Davis – Alexander's mother – filed a materialman's claim of lien for $571,000 for furnishing him labor and materials from March 1, 2004, through March 31, 2010, for construction on the property.

Alexander filed for bankruptcy three months later in 2007. He claims the property is his homestead. Although that may be true, he cannot avoid Wachovia's lien, and his mother's materialman's paperwork must be significantly more specific than if it were a commercial project.

Now, Texas Community says that its lien is prior to Wachovia's. The adversary proceeding between the creditors was withdrawn from bankruptcy court to be prosecuted and tried to final judgment in this court.

3.  Banks.

An error in a book entry – one that was correctly reversed and was not relied on – does not vitiate Wachovia's lien priority.[1] A bank made an internal mistake, and it corrected the misapplication of the credit within one day.

Texas Community's claim of priority is not related to the practical realities of business or the requirements of commercial law. Banks, like others, may correct their errors. Texas Community did not know about the mistake, much less rely on it. This is not a game of Simon Says.

Wachovia's lien retains its priority over Texas Community's lien.

4.  Davis.

Although Davis may have lent Alexander money to build a house on the property, she is neither a mechanic nor a material man.[2] She is a construction lender. Alexander had a contract with ALA Construction to be his contractor for the house since 2004. Davis never worked for Alexander or delivered him labor or materials; these are necessary to support a mechanic's or materialman's lien.[3] Her claim of lien is invalid.

---

[1] *Armstrong v. Nat'l Bank of Winterest*, 5 N.W. 742, 745 (Iowa 1880); 5A Michie on Banks and Banking § 133 (2003).

[2] *Gaylord v. Loughridge*, 50 Tex. 573, 578 (1879); *Campbell v. McCampbell*, 34 S.W. 970, 973 (Tex. Civ. App. 1896).

[3] TEX. PROP. CODE § 53.021 (2003).

Even if she had supplied him work and supplies, Davis never perfected her lien on the homestead.[4] She filed no written contract with the county clerk between Alexander and his wife and her specifying the terms of their agreement.[5] She says that the purpose of her loan was to construct a house; if true, it was a loan of cash rather than a delivery of supplies and labor on credit directly to the construction itself.

Worse, the affidavit she filed with the county clerk was missing the required statement of the kind of work done, materials furnished, or notice.[6] She also had until July 15, 2004, to claim a lien on the work and supplies she says that she gave to Alexander in March of 2004. For the work completed in March of 2010, she had until July 15, 2010. At best, her lien is only for the March work – the other having lapsed. The affidavit is just as deficient for that month as for all others. She filed her claim five years too late and has no specifics to support it.

5. Conclusion.

Wachovia's lien is prior to Texas Community Bank's on the property of the Alexanders. SRMOF 2009-1 Trust – Wachovia's successor in interest – may move for sanctions against Texas Community for the costs it has incurred in defending itself in this suit brought without the factual or legal requirements of Rule 11 and as an equitable cost adjustment.

Eliza Davis has no lien against the property. She furnished cash to Alexander; he spent it. The details and documentation of those two acts are fictitious or missing.

Signed on April 11, 2012, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[4] *Id.* § 53.052 (1997).

[5] *Id.* § 53.254(b)-(e).

[6] *Id.* §§ 53.052(b), 53.254(f).